Maids vs. Watson.

---

### JAMES MAIDS vs. JOHN H. WATSON.

The judgment required by the 8th section of the act regulating the action of replevin, in case the plaintiff fails to prosecute his suit with effect and without delay is a final judgment. When such judgment is rendered by the Law Commissioner for the county of St. Louis he cannot set it aside.

### ERROR to St. Louis Court of Common Pleas.

N. & S. A. Holmes, for plaintiff in error.

Is the judgment required by the replevin act, in case the plaintiff fails to prosecute his

Maids vs. Watson.

suit with effect and without delay, a final judgment?   It is insisted that it is, and made so by the very terms of the act.   Rev. Stat. 1845, chap. 145, sects. 8 and 9; Smith vs. Winston, 10 Mo. Rep. 299, 301.

2d.  Our statute is almost precise'y like that of the 17 car. 2 cap. 7, which, in case of nonsuit after *avowery* made for rent in arrear, makes the judgment final.  Bac. Abr. vol. 6, 85; Vin. Abr. vol. 18, 596, 597 ; Tellons Pr. 2 p. 251, et seq.

3d.  A justice of the peace has authority to set aside a verdict and grant a new trial only in certain excepted cases, of which exceptions this is not one.  Cason vs. Tate et al, 8 Mo. Rep. 45.   His act, in this instance, was wholly irregular and void, and it was his duty to compel the performance of which a mandamus will lie, to vacate his order granting a new trial, and to issue execution on the judgment.

Judge BIRCH, delivered the opinion of the court.

On the 30th of August, 1847, a writ of replevin, to recover the possession of various articles of furniture, alleged to be wrongfully detained by the plaintiff in error, was sued out by one Wimer, before the law commissioner of St. Louis county.  The writ was made returnable on the 15th of September following, but the trial was continued, on Wimer's motion, to the 22nd, on which day, (the plaintiff not appearing,) the commissioner proceeded to hear the testimony of the defendant, and to assess the value of the property and damages, and rendered judgment against the plaintiff and his security accordingly.  On the 26th of September the plaintiff appeared and moved to set aside the judgment thus rendered, and the motion being sustained, the case was again set for trial on the 4th of October.  On the third of October, the defendant appeared and moved to vacate the order granting a new trial, and for execution upon the original judgment.  This motion having been overruled, on the 8th of October the plaintiff in error filed in the St. Louis court of common pleas his petition for a mandamus to compel the commissioner to vacate his said order and issue execution on the judgment; to which petition, upon the return of the alternative writ, the commissioner filed his answer, substantially admitting the facts stated in the petition, but insisted and relied that the original judgment was but interlocutory, and he therefore had the power to set it aside. To this answer there was a demurrer, which being overruled, the case comes here by writ of error.

By the first section of the supplemental act respecting this officer, (approved February 11, 1847,) he has a concurrent jurisdiction with justices of the peace in reference to "all actions and proceedings" to which jurisdiction was confided to them in the second and third sections of the first article of the justices law, and was to "receive the same fees, and be subject to the same rules and regulations which apply to

61

and regulate proceedings in justices' courts." The present, however, is not an "action or proceeding" of that nature, being one specifically provided for in the second section of the act alluded to, in which "concurrent jurisdiction with the circuit court" is given "in all actions of detinue and replevin, wherein the matter in controversy does not exced one hundred and fifty dollars." This section simply further enacts that he shall "receive the same fees in all such cases as in other actions cognizable before him"—*omitting* the phraseology employed in the first section, which analogises his proceedings in reference to the subjects of jurisdiction confided to him by *that* section, to "the rules and regulations of justices' courts," it would seem, therefore, that the power to set aside judgments in replevin was rather *purposely* withheld, and that the 8th and 9th sections of the replevin law itself furnished the imperative and only true rule.

Those sections are as follows:

"Sec. 8. If a plaintiff in replevin fail to prosecute his suit with effect, and without delay, the court or jury shall assess the value of the property taken, and the damages for the use of the same, from the time of issuing the writ, until return thereof shall be made, as in other like cases.

"Sec. 9. In such cases, the judgment shall be against the plaintiff and his securities, that he return the property taken, or pay the value so assessed, at the election of the defendant, and also pay double damages assessed for the detention of the property, and costs of suit."

It would seem from these sections that the commissioner had no authority "to assess (as he did) the value of the property taken, and damages for the use" thereof, without having previously found that the plaintiff had "failed to prosecute his suit with effect and without delay," and that having found that, his remaining duty, either by himself or through a jury, became imperative, not optional—final, not conditional. The only judgment that could thereafter be rendered *was* rendered—and why? Because the plaintiff having chosen this particular form of proceeding, did not "prosecute his suit with effect, and without delay," did not comply with the law he was proceeding under, whereby the defendant became entitled to the restitution of his property, or damages commensurate with its detention, which was rendered and entered accordingly.

In the case of Smith vs. Winston, (10 Mo. 301,) this court, after remarking upon the phraseology of the statutory provision alluded to, in connexion with analagous decisions in England, decided that the defendant was "entitled to the judgment specifically pointed out by the

act," in case of a non-suit, that being a failure to prosecute his suit with effect. If therefore a non-suit was even entered in consequence of such a failure, a final judgment upon that non-suit (such as was entered) would seem to be the only one contemplated or authorized by the law; and it appearing that that was ascertained and entered, we can but think that the discretion of the commissioner was at an end.

The judgment of the court of common pleas is therefore reversed, and the case will be remanded for a peremptory mandamus as prayed for in the petition.